McFablaND, J.,
delivered the opinion of the court.
This is an attachment, filed under sub-section 7 of section 3455 of the Code; the complainant claiming that D. T. Avent was liable to him for a debt or demand, and had died in the State of Arkansas, leaving property in this State. The allegations of the bill are —
“ That the estate of D. T. Avent is justly indebted to him (the complainant), in the sum of $2,000, by account for money, stock, goods, etc.; a particular statement of said account will be filed at or before the hearing. * * * Your' orator charges that said indebtedness of said Avent to him arose both upon partnership and individual account, and he has no other means of collecting the same than by saving the assets in Tennessee.”
The bill contains no other allegation as to the nature of the indebtedness.
It charges that P. Luckado had wrongfully taken possession of AvenPs effects in Arkansas, and that Mrs. Luckado had come to this State, having in her possession certain notes which one Griggs,, living in this State, owed to Avent, and which constituted the assets of Avent in this State; and that no administration had been granted in this State.
An attachment was issued, and the debt owing to Avent was attached.
Luckado and wife answered, showing that the former was administrator in Arkansas; that soon after the filing of the bill, Allen was appointed administrator *272 of the estate of Avent in Tennessee, was made a defendant upon his own application, and answered the bill, alleging that he had been informed, and supposed it to be true, that they (complainant and Avent) were partners in planting in Arkansas for a year or more before the death of Avent; that up to that time the partnership accounts were unsettled, and that he desired a settlement, and was advised that upon a fair settlement there would be a large balan'*'- due to his intestate.
An account was taken, showing the amount due complainant in two aspects. In one, the amount is. stated at $2,527.03; in the other, $718.48.
The defendant excepted to the report.
The exception was overruled, the larger amount adopted, and a decree rendered for this amount, and the defendant Allen was directed to pay over to the complainant the net proceeds in his hands of the Griggs notes, which he had been allowed to collect under a refunding bond. From this decree the defendant appealed.
The master’s report of Avent’s indebtedness to the complainant is based, as to the main item, upon the following evidence, to-wit: — A written agreement signed by Avent, in which he agreed to pay the complainant $2,880 for a half interest in certain lands in Arkansas, — $2,000 to be paid December 25th, 1869, and the balance in twelve months, when Johnson was to make a deed.
This agreement is dated May 3, 1860, and signed by Avent alone. The master took this as the basis; *273 and, after allowing certain credits, and computing the' interest, found a balance on this contract in favor of complainant of $2,050.93.
He then charged defendant with the price of a horse and of a mule, with interest, making in all $2,527.03; and for this sum the decree was rendered.
The objection is, that the bill alleged no indebtedness such as that evidenced by the contract referred to, — indebtedness for the price of land sold to Avent,— and that no such proof should have been heard.
The defendant Allen having answered without taking steps to have the attachment discharged, we cannot now consider the question, whether the statement in the bill of the nature of this indebtedness, was sufficient to authorize the issuance of the attachment.
This question was waived by the answer.
The question to be determined is, Was the complainant entitled, under the allegations of the bill, to set up the indebtedness of Avent for the unpaid balance of the land, as shown by this contract?
The allegations of the bill are, that Avent is indebted to complainant in the sum of $2,000, by account for money, stock, goods, etc.; and that this indebtedness arose both upon partnership and individual account.
The complainant was bound to state the nature of his demand.
A fundamental rule is, that the proof must correspond with the allegations, and be confined to the point in issue.
*274 There was no intimation in this bill that the complainant was seeking to set up a debt for the land sold to Avent. The answer was not directed to this subject; no question in regard to this debt was put in issue by the pleadings.
No latitude of construction will allow proof of this debt under the allegation that defendant is indebted to the complainant by account for money, stock, goods, etc.; especially under an attachment bill, where the nature of the demand is required to be stated.
The decree recites that no deed has been made by the complainant for the land, and directs him to make •such deed.
We are of opinion that this decree cannot be sustained. The complainant must be confined to the ■substantial allegations of his bill. If we suffer this rule to be broken down, endless confusion and uncertainty in the investigation of cases will follow.
This, we suppose, does not leave the complainant without remedy, especially if he still holds the title to the Arkansas lands. What defenses may exist to this claim, does not appear; we hold that the question is not involved here.
This reduces the amount of the indebtedness in favor of the complainant to the price of the horse and mule.
No special exception to these items has been urged upon us, and the decree as to them may be affirmed.
Upon the assumption that the property on the farm in Arkansas was partnership property, as seems probable, the complainant could not hold the estate of *275 Avent liable for the value of specific articles of the property. His rights would be different.
' The decree will be as indicated, and complainant will pay the costs of this court.